UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY MATHERNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2461 C/W 12-2462 &** |
| | **12-2584** |
| **RUBA MANAGEMENT** | **DIVISION "3"** |

**ORDER**

Before the Court is Defendant's Motion for Attorneys' Fees [Doc. #77] filed by Ruba

Management d/b/a IHOP ("defendant").  Plaintiffs Kelly Matherne and Sharetha Tart oppose the

motion.  For the following reasons, the Court grants the motion.

**I.     Background**

This Court has outlined in detail the underlying facts in these Title VII lawsuits and will not

do so again.  *Matherne v. Ruba Management*, Civ. A. No. 12-2461, 2014 WL 2938100 (E.D. La.

June 27, 2014).

Relevant to this motion, this Court granted summary judgment to defendant, holding that

neither Matherne nor Tart could establish a *prima facie* case of discrimination under Title VII.

Defendant now seeks its attorneys' fees incurred in defending this lawsuit, which it contends was

frivolous.

**II.      Analysis**

**A.      Whether defendant is entitled to attorneys' fees**

In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, the United States Supreme Court noted that the rationale for awarding attorneys' fees to a prevailing defendant under Title VII stemmed from Congress's desire to "'deter the bringing of lawsuits without foundation,'" "'to discourage frivolous suits,'" and "'to diminish the likelihood of unjustified suits being brought.'" 434 U.S. 412, 420 (1978) (citations omitted). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court find that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. The Court "must resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. But the Court may award attorneys' fees to a prevailing defendant even if the plaintiff did not bring the suit in bad faith, as long as the suit is groundless and without foundation. *See id.* at 421. "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citing *United States v. Mississippi*, 921 F.2d at 604, 609 (5th Cir. 1991)).

Here, two of the factors weigh in favor of a grant of attorneys' fees to defendant. In its opinion on the motion for summary judgment, this Court held that neither Matherne nor Tart could establish a *prima facie* case of discrimination under Title VII. *Matherne*, 2014 WL 2938100, \*\*6-7. Specifically, the Court found that neither plaintiff could establish both the fourth and fifth elements

of a *prima facie* case.  *See id.*  In addition, the Court found that neither Matherne nor Tart

established a claim of constructive discharge.  *See id.* at \*\*7-8.  Moreover, this Court held a

settlement conference on December 19, 2013 – six months before the grant of summary judgment

– at which neither plaintiff settled.  [Doc. #17].  At the settlement conference, defendant offered to

settle, albeit not for a monetary amount attractive to either plaintiff.  And while the Court did not

need to hold a full trial, it notes that it expended judicial resources – and defendant expended

monetary resources – to resolve the motion for summary judgment.

    In their opposition to defendant's motion for attorneys' fees, Matherne and Tart re-hash the

merits of their opposition to the motion for summary judgment, facts that this Court has already

rejected as insufficient to establish a *prima facie* case of discrimination.  All in all then, the Court

finds that an award of attorneys' fees to defendant is warranted in this case.

    **B.**    **The Lodestar Approach**

    The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for

attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437

(1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374,

379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and

reviewable only for an abuse of discretion, *i.e*., it will not be reversed unless there is strong evidence

that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of*

*Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

    To determine a reasonable fee, the court must provide a concise but clear explanation of its

reasons for the fee award, making subsidiary factual determinations regarding whether the requested

hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.      Reasonable Hourly Rates

Attached to defendant's motion is the declaration of Leslie A. Lanusse, lead counsel for defendant in this lawsuit. In the defclaration, Lanusse attests that partner rates for this litigation were set at $265.00/hour. Partners Greg Rouchell and Lauren Tafaro assisted Lanusse in the litigation. Lanusse, Rouchell, and Tafaro have 30, 11 and 10 years experience, respectively.

Having reviewed the most recent case law in this district, the Court finds that $265.00/hour is on par with – and perhaps even a tad lower than – the average fees for partners in this district. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D.

La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans*

*Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing

hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour

to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A.

No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to

$350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with

eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271

(E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience);

*Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for

partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins.,*

*Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate

with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012,

2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate

with four years experience).   Given this precedent, the Court finds that the hourly rate of

$265.00/hour is reasonable.

### 2.    Reasonable Hours Expended

The Court must next determine whether the number of hours that defendant's counsel

expended on the litigation was reasonable. Counsel argue that they have expended 412.60 attorney

hours in this lawsuit. The burden of proving the reasonableness of the hours expended is on the fee

applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).

As a general proposition, all time that is excessive, duplicative and/or unproductive should be

excised from any award of attorney's fees.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant

hours" when seeking fee awards.  *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769

(5th Cir. 1996).   The fee seeker's attorneys "are charged with proving that they exercised billing

judgment."  *Id.* at 770.  When billing judgment is lacking, the court *must* exclude from the lodestar

calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statements submitted on behalf of

defendant's counsel and finds the hours expended by counsel to be reasonable.  This lawsuit

extended over a two-year period of time.  The Court's review reveals that defendant exercised

billing judgment in that it eliminated all hours related to the defense of Patricia Hyatt's claim.

(Hyatt – the third consolidated plaintiff – settled with defendant.)   Indeed, counsel cut their hours

by one-third, representing their time expended defending Hyatt's lawsuit.  Matherne and Tart do not

challenge whether defendant exercised its billing judgment here, but in any event, the Court's review

of the time sheets reveals that defendant has.

III.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion for Attorneys' Fees [Doc. #77] is GRANTED

to the extent that defendant Ruba Management is entitled to an award of attorneys' fees in the

amount of $109,339.00.

New Orleans, Louisiana, this 24th day of October, 2014.

_____

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**